FILED
2017 Jan-17 AM 10:58
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **SUSAN MARIE CHEATWOOD,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| versus ) | **Case Number:** |
| ) | |
| **INRI Medical Associates, P.C.,** ) | |
| **d/b/a Northside Medical Associates, LLC, and** ) | |
| **Laura Gossett** ) | |
| ) | |
| ) | |
| **Defendants.** ) | |

## COMPLAINT

This is an action arising under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.*, (hereinafter the "Fair Labor Standards Act" or "FLSA"), and, supplementally, The Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.*, (hereinafter "ADEA"); and Ala. Code § 25-1-20 *et seq.* prohibiting age discrimination in employment, which incorporates all rights and remedies under the ADEA, and the common law of the State of Alabama with respect to contracts and the breach thereof. Among the other damages, averred below, the plaintiff seeks payment for unpaid wages, overtime worked, liquidated damages, and punitive damages due to the defendants' willful violations of the

1

FLSA and ADEA, through Ala. Code § 25-1-20 *et seq*. The plaintiff further seeks reasonable attorney fees and costs pursuant to 20 U.S.C. § 216(b).

## JURISDICTION & VENUE

1. Jurisdiction is conferred upon this Court by 29 U.S.C. § 216(b) of the Fair Labor Standards Act, 29 U.S.C. §626(b) of the Age Discrimination in Employment Act, 28 U.S.C. § 1331, this action arising under the laws of the United States, 28 U.S.C. § 1337, this action arising under Acts of Congress regulating commerce, and 28 U.S.C. §§ 2201 and 2202, providing for further relief.

2. Supplementary jurisdiction as to state law-based claims of breach of contract and age discrimination are also proper, as all claims alleged are so related, arising out of the same operative facts, that they form part of the same case or controversy, consistent with 28 U.S.C § 1367(a).

3. Venue in the Northern District of Alabama, Eastern Division is proper pursuant to 28 U.S.C. § 1391(b) as the action is brought within the judicial district where the unlawful employment practices were committed.

## PARTIES

**A.    Plaintiff: Susan Cheatwood**

6. The plaintiff, Susan Cheatwood, is over the age of nineteen (19) years, currently resides in Shelby County, Alabama, and is a former INRI employee. She is also over forty (40) years of age.

7. During all times relevant to this Complaint, Cheatwood was in INRI's employ and was subject to the full protection of the FLSA, ADEA, and Ala. Code § 25-1-20 *et seq*.

8. Cheatwood's relationship with INRI does not exempt her from the coverage of the FLSA, the ADEA or Ala. Code § 25-1-20, *et seq*.

9. Cheatwood is not subject to the FLSA's professional exemption under 29 USC § 213 (a)(1).

**B.  Defendants: INRI Medical Associates, et al.**

10. The defendant, INRI Medical Associates, P.C., is a domestic professional corporation, incorporated and registered to do business in Alabama.

11. INRI does business under the name 'Northside Medical Associates'.

12. INRI is a covered 'employer' for the purposes of the FLSA, 29 U.S.C. § 203(d), ADEA, 29 U.S.C. §630 (b), and Ala. Code § 25-1-20 (2),

13. INRI is a business enterprise affecting interstate commerce for the purposes of the FLSA, §§ 203(s)(1)(A) and 203(s)(1)(B) and the ADEA, §§ 630(b), 630(g), and 630(h).

14. Defendant Laura Gossett, was a managing supervisor for INRI during all time periods relevant to this lawsuit. She is considered an 'employer' under the FLSA, 29 U.S.C. § 203(d), and is not exempt from the Act.

15. The acts by INRI were authorized, ordered, or done by INRI's officers, agents, employees, or representatives while they were actively engaged in the management of INRI's business.

## ADMINISTRATIVE PREREQUISITES

16. As this case arises under the FLSA, Ala. Code § 25-1-29, incorporating the rights and remedies of the ADEA, and Alabama contract law, no administrative prerequisites must be exhausted before filing a lawsuit.

## FACTUAL ALLEGATIONS

6. INRI currently owns and operates multiple health care facilities throughout East-Central Alabama, *inter alia*, St. Clair County.

7. During the period relevant to this Complaint, INRI maintained a subcontractor relationship with HMR Veterans Services, Inc. (hereinafter 'HMR'), to provide the physician coverage component of HMR's service contract with the Alabama Department of Veterans Affairs (hereinafter 'ADVA') at ADVA's 280-bed Colonel Robert L. Howard State Veterans Home (hereinafter 'the Veterans Home') in Pell City.

8. INRI hired Susan Cheatwood for the position of nurse practitioner in September of 2012.

9. Cheatwood remained employed with INRI until she was fired on or about April 25, 2016.

10. As a certified registered nurse practitioner, Cheatwood's responsibilities included, *inter alia*, assessing patient complaints, conducting physical examinations, developing treatment plans, prescribing medications, and scheduling evaluations and referrals.

11. At the beginning of her employment with INRI, Cheatwood was contracted to be compensated in the amount of $57.00 per hour.

12. Cheatwood's contract, unchanged during the tenure of her employment, also stipulated to ten percent of revenue she individually generated from her patients as a monthly productivity bonus.

13. During all relevant periods, Cheatwood's managing supervisor was INRI employee Laura Gossett (hereinafter 'Gossett').

14. In December 2013, Cheatwood was re-assigned by INRI to a full-time hourly position at the Veterans Nursing Home in Pell City.

6. Among her other duties at the Veterans Home, Cheatwood was on a rotating schedule of nurse practitioners who provided the on-site employees with ongoing medical instructions over the phone outside of daytime operating hours.

7. Cheatwood received no compensation for these hours spent on standby, hours actually on the phone, or hours spent between related calls.

8. Cheatwood's 'on-call' hours lasted from approximately 5:00 p.m. to 8:00 a.m. the following morning, Monday through Friday.

9. Cheatwood's weekend 'on-call' hours lasted from 5:00 p.m. on Friday until 8:00 a.m. on Monday.

10. During these waiting periods, Cheatwood remained awake and engaged to provide ongoing instant feedback and command.

11. This telephone program effectively permitted INRI to immediately tap Cheatwood's medical expertise and leadership ability for any situation.

12. Also during this period, Cheatwood would often work at the office for several hours after her shift ended to complete patient care.

13. In early April 2014, Gossett informed Cheatwood that her overtime was "excessive" and told Cheatwood she was reclassified as a "salaried" employee to eliminate overtime pay.

14. Cheatwood's contract and duties remained the same, and, 'on-call' time notwithstanding, she continued to work over forty hours per week.

15. Between January 2014 and December 2014, Cheatwood received no monthly productivity bonus, contrary to the stipulation in her employment agreement, despite the fact that she individually continued to generate revenue.

16. INRI moved Cheatwood to a newly-opened clinic in Vincent in December 2014, simultaneously converting her back to an hourly employee.

17. Immediately following the transfer, INRI asked Cheatwood to continue to work an average of two weeks per month as the 'on-call' nurse practitioner for the Veterans Home. Cheatwood agreed.

18. On March 21, 2016, Cheatwood told INRI that she did not want to be assigned two weeks of 'on-call' status in April.

19. Three weeks following this confrontation, INRI, through Supervisor Gossett, fired Cheatwood.

20. Over an approximately twenty-seven month period, defendants failed to properly compensate Cheatwood as required under the FLSA and Alabama contract law

21. Cheatwood believes and expects the discovery process to assist her in gathering evidence which shows that the plaintiff's wages did not compensate her in the manner required by the FLSA.

22. The defendants have a duty under 29 U.S.C. § 211(c) to keep certain records relating to the hours the plaintiff worked and the pay the plaintiff received; the plaintiff will rely upon these records, assuming they are correct, as part of her case.

23. The defendants' violations of the FLSA, and § 25-1-20 *et seq*, incorporating the protections and prohibitions of the ADEA, were willful and were the result of a conscious business decision to generate greater profit at the expense of employees.

## COUNT ONE-
## VIOLATIONS OF THE FAIR LABOR STANDARDS ACT
### (Overtime Violations - 29 U.S.C. § 207)

24. The plaintiff re-alleges each and every allegation contained in this Complaint as though fully set forth herein.

25. The defendants failed to compensate the plaintiff at the premium overtime rate for all hours worked above forty hours in each work week and eight hours in each work day.

26. These hours worked over forty hours per week were comprised of after-hours spent at work as well as hours spent 'on-call'.

27. Absent good faith, between April and December 2014, the defendants reclassified the plaintiff as a salaried employee for the purpose of circumventing FLSA overtime protections.

28. The defendants' failure to pay the plaintiff correctly was willful and without good faith, as defined in 29 U.S.C. § 260.

29. The defendants, by such failure, have willfully violated the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 207.

WHEREFORE, the plaintiff requests this Court enter judgment in favor of the plaintiff, and against the defendants for:

A. All compensation that the plaintiff should have received under the FLSA but for the defendants' violation of her rights;

B. An amount equal to the owed compensation in liquidated damages pursuant to the FLSA, 29 U.S.C. § 216(b);

C. Prejudgment interest on such unpaid compensation;

D. Punitive damages due to the defendants' flagrant and willful disregard for the plaintiff's rights under the FLSA;

E. All reasonable costs and attorney fees pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b);

F. A judicial determination that the defendants have violated 29 U.S.C. § 207 of the FLSA as to the plaintiff; and

G. Any other relief this Honorable Court finds to be due and proper.

## COUNT TWO-
## VIOLATIONS OF THE FAIR LABOR STANDARDS ACT
### (Minimum Wage Violations - 29 U.S.C. § 206)

30. The plaintiff re-alleges each and every allegation contained in this Complaint as though fully set forth herein.

31. The defendants failed to compensate the plaintiff for all hours worked during her period of employment.

9

32. The defendants' failure to pay the plaintiff correctly was willful and without good faith as defined in 29 U.S.C. § 260.

33. The defendants have willfully violated the minimum wage provisions of the FLSA, 29 U.S.C. § 206.

WHEREFORE, the plaintiff requests this Court enter judgment in favor of the plaintiff, and against the defendants for:

A. All compensation that the plaintiff should have received under the FLSA but for the defendants' violation of her rights;

B. An amount equal to the owed compensation in liquidated damages pursuant to the FLSA, 29 U.S.C. § 216(b);

C. Prejudgment interest on such unpaid compensation;

D. Punitive damages due to the defendants' flagrant and willful disregard for the plaintiff's rights under the FLSA;

E. All reasonable costs and attorney fees pursuant to the FLSA, 29 U.S.C. § 216(b);

F. A judicial determination that the defendants have violated 29 U.S.C. § 206 of the FLSA as to the plaintiff; and

G. Any other relief this Honorable Court finds to be due and proper.

## COUNT THREE-
### VIOLATIONS OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT & THE ALABAMA PROHIBITION ON AGE DISCRIMINATION

(Ala. Code § 25-1-20 *et seq*, incorporating 29 U.S.C. §626(b))

34. The plaintiff re-alleges each and every allegation contained in this Complaint as though fully set forth herein.

35. The plaintiff is within the group covered by Ala. Code § 25-1-21.

36. The plaintiff was qualified for her position.

37. After the plaintiff was terminated, her position and responsibilities were subsumed by substantially younger employees.

38. The defendants fired the plaintiff because of her age.

39. The defendants' stated reason for firing the plaintiff was mere pretext intended to cloak defendants' discriminatory motive.

40. The defendants' willful behavior violated and continues to violate Ala. Code § 25-1-20 *et seq*., incorporating the protections of the ADEA.

41. As a proximate cause of the illegal conduct of defendants, the plaintiff lost wages and benefits.

WHEREFORE, the plaintiff requests this Court enter judgment in favor of the plaintiff, and against the defendants for:

A. A Declaratory Judgment that the employment policies, practices, procedures, conditions, and customs of the defendants are violative of the plaintiff's rights as secured by the ADEA and Ala. Code § 25-1-21, and that the defendants have willfully violated the same.

B. A permanent injunction enjoining INRI, its agents, successors, employees, attorneys, and those acting in concert with INRI from discriminating on the basis of age in the hiring, retention, promotion, and representation of its employees, including the plaintiff;

C. An order reinstating the plaintiff to her former position, or in lieu of reinstatement, front pay;

D. Back pay, including lost wages and benefits, plus interest;

E. An award of liquidated damages;

F. Pre-judgment and post-judgment interest;

G. Costs, attorneys' fees, expenses, and expert witness fees;

H. Any other or alternative relief this Court deems to be due and proper.

## COUNT FOUR-
## BREACH OF CONTRACT

42. The plaintiff re-alleges each and every allegation contained in this Complaint as though fully set forth herein.

43. Prior to hiring Cheatwood, the defendants offered to compensate her, in part, through a productivity bonus plan.

44. In accepting employment from INRI, Cheatwood accepted their productivity bonus plan offer.

45. Consideration is found in the ongoing exchange of the productivity bonus for Cheatwood's ongoing services rendered as nurse practitioner.

46. INRI breached the contract by failing to pay Cheatwood her bonus due under the employment agreement between January 2014 and December 2014.

WHEREFORE, the plaintiff requests this Court enter judgment in favor of the plaintiff, and against the defendants for:

A. Compensatory damages in the form of: all compensation that the plaintiff should have received under productivity bonus provisions of her employment contract;

B. Prejudgment interest on such unpaid bonus;

C. Incidental damages;

D. All reasonable costs and attorney fees and;

E. Any other relief this Honorable Court finds to be due and proper.

## RULE 11 CERTIFICATION

Under Rule 11 of the Federal Rules of Civil Procedure, by signing below, I certify to the best of my knowledge, information, and belief that this Complaint is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; is supported by existing law; (3) the factual contentions have evidentiary support or will likely have evidentiary

13

support after a reasonable opportunity for further investigation or discovery; and

(4) complies with the requirements of Rule 11.

                                      Respectfully submitted,

                                      */s/ Nathaniel C. Abell*
                                      Nathaniel C. Abell (ABE 019)
                                      ASB-2731-L84L

OF COUNSEL:
Enzor & Maniscalco, LLP
P.O. Box 3603
Oxford, Alabama 36203
Tel:   (256) 770-7232
Fax:   (256) 770-7234
Email: nathan@enzormaniscalco.com (electronic notice requested)

**The clerk of court is requested to serve the following defendants by certified mail at the following addresses (return service requested):**

c/o Ronald Helms Jr.
INRI Medical Associates, P.C.
1200 Hamilton Road
Pell City, Alabama 35128

c/o Ronald Helms Jr.
Northside Medical Associates, LLC
1200 Hamilton Road
Pell City, Alabama 35128

Laura Gossett
70 Plaza Drive
Pell City, Alabama 35125

Laura Gossett
1200 Hamilton Road
Pell City, Alabama 35128